UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 11-30017-NMG |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| EVRIPIDES GEORGIADIS, | ) |  |
| *et al.* | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MOTION OF DEFENDANT EVRIPIDES GEORGIADIS TO
DISMISS BASED ON RULE OF SPECIALITY
(ORAL ARGUMENT REQUESTED)**

Defendant Evripides Georgiadis, by and through his undersigned attorneys,

hereby moves for an order dismissing Count 16 of superseding indictment and all

forfeiture allegations insofar as they are related to Count 16.  The defendant further

moves for an order enjoining the government from continuing its use of the grand jury

process in violation of the Rule of Specialty.  As discussed more fully below, Mr.

Georgiadis: 1) may not be tried for crimes not covered under the 1902 extradition treaty

between the United States and the "Kingdom of Servia," under which he was extradited

to the United States; and 2) is not subject to the continuing investigation being prosecuted

by the United State's Attorney's Office.

## I.  Procedural Background

Mr. Georgiadis was charged in September 2011 in the superseding indictment

with one count of conspiracy to commit fraud by wire, in violation of 18 U.S.C. § 371

and 1343, 14 substantive counts of wire fraud, in violation of 18 U.S.C. § 1343, and one

1

count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  Dkt. No. 10.

He was residing in his homeland of Greece and a warrant was issued for his arrest.

Mr. Georgiadis was arrested in the Republic of Croatia on or about May 3, 2012.

Most of his time in custody has been spent in Croatian jails, where Mr. Georgiadis chose

to exercise his lawful right to contest extradition to the United States.  He was ultimately

extradited from Croatia in early February 2013 and had his initial appearance before this

Court on February 15, 2013.  Dkt. No. 85.

## II.  The 1902 Extradition Treaty

An extradition treaty between the United States and the Kingdom of Servia (as

Serbia was then transliterated) was signed on October 25, 1901, and entered into on June

12, 1902 ("1902 Treaty").  Under the "state succession" doctrine, a successor state may

be bound by the treaty obligations of a prior state.  *See, e.g., Sabatier v. Dabrowski*, 586

F.2d 866, 868 (1st Cir.1978).   The Federal People's Republic of Yugoslavia became the

successor state to Serbia under the 1902 Treaty.  *See, e.g., Ivancevic v. Artukovic*, 211

F.2d 565, 575 (9th Cir.1954); *Artukovic v. Rison*, 784 F.2d 1354, 1355 (9th Cir.1986)

("We have long held that the 1902 Treaty is valid and effective now even though

Yugoslavia did not exist as a political unit at the time the treaty was signed.").

The present Republic of Croatia declared its independence from Yugoslavia in

1991, and both it and the United States have since agreed to remain bound by the 1902

Treaty.  *See Arambasic v. Ashcroft*, 403 F. Supp. 2d 951, 952 n.1 (D.S.D. 2005).  Unlike

modern extradition treaties, which generally allow for extradition for any serious crime

that is an offense in both countries, Article II of the 1902 Treaty lists specific offenses for

which extradition is allowed.  Relevant to the instant case are the listed "financial" crimes

of:

> 6. Embezzlement by public officers; embezzlement by persons hired or salaried, to the detriment of their employers; larceny; obtaining money, valuable securities or other property by false pretenses, or receiving money, valuable securities or other property, knowing the same to have been embezzled, stolen or fraudulently obtained, when such act is made criminal by the laws of both countries and the amount of money or the value of the property fraudulently obtained or received, is not less than two hundred dollars or one thousand francs in gold.
>
> 7. Fraud or breach of trust by a bailee, banker, agent, factor, trustee, or other person acting in a fiduciary capacity, or director or member or officer of any company, when such act is made criminal by the laws of both countries and the amount of money or the value of the property misappropriated is not less than two hundred dollars or one thousand francs in gold.

1902 Treaty at Article II.

### III.  Count 16 Must Be Dismissed

It is a fundamental requirement that the crime for which extradition is sought also

be one provided for by the applicable treaty.  Restatement (Third) of Foreign Relations

Law of the United States, § 476 (1987).  The offense of "money laundering" as charged

in Count 16, and on which the forfeiture allegations are based, is not contained in the list

of extraditable offenses in the 1902 Treaty.   The Supreme Court long ago held that an

extradited defendant can "only be tried for one of the offenses described in that

[extradition] treaty."  *United States v. Rauscher*, 119 U.S. 407, 430 (1886).

In *Rauscher*, an officer on an American merchant ship had been extradited from

Great Britain on a charge of having murdered a crew member. After his extradition, he

was indicted, and subsequently convicted, on charges of assault and unlawful infliction of

cruel and unusual punishment, neither of which was an offense mentioned in the

3

applicable treaty. The Supreme Court reversed the conviction, holding that the accused could be tried only for an offense described in the treaty and only for the offense with which he was charged in the proceedings for his extradition. *Id.* at 430. Count 16 (and the forfeiture allegations which flow from it) must be dismissed.

### IV.  The Continuing Grand Jury Investigation Must Cease

The "Rule of Specialty" provides that a fugitive may not be tried by the requesting country for any offenses other than those for which extradition was granted. *Brauch v. Raiche*, 618 F.2d 843 (1st Cir. 1980); *Shapiro v. Ferrandina*, 478 F.2d 894, 905 (2d Cir. 1973)(Friendly, J.).  It is incorporated in Article VIII of the 1902 Treaty, which provides:

> No person surrendered by either of the high contracting parties to the other shall, without his consent, freely granted and publicly declared by him, be triable or tried or be punished for any crime or offense committed prior to his extradition, other than that for which he was delivered up, until he shall have had the opportunity of returning to the country from which he was surrendered.

By email correspondence with the Assistant United States Attorney assigned to the case, the undersigned confirmed that the government continues to use grand jury subpoenas to obtain evidence.  By email dated October 15, 2013, Assistant U.S. Attorney Grant advised that "there is the possibility of additional charges" against Mr. Georgiadis.

The investigation of new or additional charges against an extradited defendant is in direct contravention of the Rule of Specialty.  Indeed, it is unclear whether the government is simply using the grand jury post-indictment to obtain evidence for trial, which would be in open violation of Fed. R. Crim. P. 6.  This Court should accordingly order the government to seek issuing grand jury subpoenas relating to the matters on which Mr. Georgiadis has already been charged and extradited.

**Conclusion**

WHEREFORE, for all of the above reasons, the defendant respectfully requests

that this Court dismiss the Count 16 of the Superseding Indictment, and enjoin the

government's violation of the Rule of Specialty by continuing to use the grand jury to

gather evidence against Mr. Georgiadis.

Dated:  November 6, 2013                                  Respectfully submitted,

                                                         /s/ *Andrew Levchuk*
                                                         Andrew Levchuk
                                                         BBO No. 545189
                                                         Counsel for Evripides Georgiadis
                                                         Bulkley, Richardson & Gelinas
                                                         1500 Main Street, 27th floor
                                                         Springfield, Massachusetts 01115
                                                         413-272-6285
                                                         alevchuk@bulkley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2013, this document filed through the ECF

system will be sent electronically upon all counsel of record.

Dated: November 6, 2013                          /s/ *Andrew Levchuk*