UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA    ) | Criminal No. 11-30017-NMG |
| ) | |
| v.           ) | |
| ) | |
| EVRIPIDES GEORGIADIS,    ) | |
| *et al.*    ) | |
| ) | |
| Defendants.    ) | |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF MOTION OF DEFENDANT EVRIPIDES GEORGIADIS TO DISMISS COUNT 16 BASED ON RULE OF SPECIALITY, AND TO ENJOIN MISUSE OF GRAND JURY (ORAL ARGUMENT REQUESTED)**

Defendant Evripides Georgiadis, by and through his undersigned attorneys, submits this memorandum in reply to the government's opposition (Dkt. No. 157) to his motion to dismiss the money laundering conspiracy charge in Count 16 and to enjoin the continuing grand jury investigation as a violation of the Rule of Specialty (Dkt. No. 153). Since the filing of its opposition, the government has produced the original June 11, 2012 diplomatic note to the Republic of Croatia requesting the extradition of Mr. Georgiadis (the "Note").  Neither the government's submission nor the contents of the Note, however, rebut Mr. Georgiadis's claims that: 1) he may not be tried for crimes not covered under the 1902 extradition treaty between the United States and the "Kingdom of Servia," under which the Croatian Ministry of Justice extradited him to the United States; 2) he may not be tried for offenses falling outside the order of extradition, and 3) is not subject to the continuing investigation being prosecuted by the United States Attorney's Office.

1

1.  The government contends (Memo at 2-3) that the bilateral extradition treaty between the United States and the Kingdom of Servia has been "amended" by the United Nations Convention Against Transnational Organized Crime of November 15, 2000 ("UNTOC Convention").  By letter dated December 26, 2013, the government produced to the undersigned and to this Court the original June 11, 2012 diplomatic note to the Republic of Croatia.  The Note candidly acknowledges that money laundering conspiracy as charged in Count 16 of the Superseding Indictment "is not listed in the bilateral Extradition Treaty . . . ," and that the sole basis for the extradition request on Count 16 is the UNTOC Convention.  The Note thus refutes the government's strained argument that the 1902 Treaty covers money laundering.  *See* Memo at p. 6.

The government cites no cases from the First Circuit, however, in which the amendment of a bilateral extradition treaty by a subsequent multilateral convention has provided the basis of an extradition to the United States.  And in any event, nowhere in the extradition decision rendered by the Croatian Ministry of Justice is there *any* reference to the UNTOC Convention.  *See* Dkt. No. 157-1. The Croatian Justice Ministry's decision to extradite rests explicitly and solely on the 1902 Treaty which, as the Note concedes, does not cover money laundering.  Had the Ministry of Justice wished to rely on the UNTOC Convention, it would have cited the UNTOC Convention in its decision.  It did not do so, and the clear implication of that decision is that Mr. Georgiadis may be tried solely for crimes listed in the 1902 Treaty.  Although the Ministry of Justice decision makes reference to the money laundering conspiracy count, the decision conflates money laundering conspiracy and wire fraud, and makes no finding

that money laundering conspiracy is an extraditable offense under the 1902 Treaty.  Dkt. No. 157-1, p. 3 of 3, second sub-paragraph.

Citing *United States v. Tse*, 135 F.3d 200, 205 (1st Cir. 1998), the government argues that Mr. Georgiadis has no standing to invoke the Rule of Specialty or to assert any rights under the 1902 Treaty.  This argument is counter to "fundamental concern of governments that persons who are surrendered should not be subject to indiscriminate prosecution by the receiving government . . . ."  *Fiocconi v. Attorney General of United States*, 462 F.2d 475, 481 (2d Cir. 1972)(Friendly, J.).  *See also United States v. Puentes*, 50 F.3d 1567 (11th Cir. 1995) (Uruguay) (extradited person had standing to raise issue of rule of specialty).  It is also counter to the Supreme Court's decision in *United States v. Rauscher*, 119 U.S. 407 (1886).

*Rauscher* explained that a treaty is the law of the land and the equivalent of an act of the legislature.  *Id*. at 418.  The rights set forth in an extradition treaty are conferred on both the extradited individual and the respective governments. The Court stated:

> [A] treaty may also contain provisions which confer certain rights upon the citizens or subjects of one of the nations residing in the territorial limits of the other, which partake of the nature of municipal law, and which are capable of enforcement as between private parties in the courts of the country . . . .  The Constitution of the United States places such provisions as these in the same category as other laws of Congress, by its declaration that "This Constitution and the laws made in pursuance thereof, and all treaties made or which shall be made under authority of the United States, shall be the supreme law of the land." A treaty, then, is a law of the land, as an Act of Congress is, whenever its provisions prescribe a rule by which the rights of the private citizen or subject may be determined. And when such rights are of a nature to be enforced in a court of justice, that court resorts to the treaty for a rule of decision for the case before it as it would to a statute.

3

*Rauscher*, 119 U.S. at 418–19 (*quoting Chew Heong v. United States*, 112 U.S. 536, 540, 565 (1884)).  It was "impossible to conceive" of an exercise of jurisdiction which could ignore the principle of specialty and not implicate a "fraud upon the rights of the party extradited and of bad faith to the country which permitted his extradition."  *Rauscher*, 119 U.S. at 422.  The Court concluded that the rule of specialty is "conclusive upon the judiciary of the right conferred upon persons brought from a foreign country into this [country] under such proceedings." *Id.* at 424.

*Tse* is distinguishable in any event.  In that case, the First Circuit found that Hong Kong had consented to the prosecution on the challenged counts.  Here, in contrast, the Justice Ministry's decision expressly declined to waive the Rule of Specialty.  Dkt. No. 157-1, p. 1, ¶ II.  And nowhere in the decision does the Ministry find that Count 16 is an offense covered by the 1902 Treaty.  At best, the decision reflects confusion, as illustrated by the repeated references to "computer fraud" in ¶ 1. Dkt. No. 157-1, p. 1. For all of the reasons stated above, the government should not be permitted to proceed to trial on Count 16, and the charge of money laundering conspiracy should be dismissed.

2.  The Justice Ministry also determined that Mr. Georgiadis must not be "sentence[d] for an offense committed before the extradition, without the approval of the Minister of Justice of the Republic of Croatia."  Dkt. No. 157-1, ¶ 3.  Yet despite this clear directive, the government has proceeded to issue post-extradition grand jury subpoenas, misusing the grand jury process to bolster its case against Mr. Georgiadis.  This violates Article VIII of the 1902 Treaty, which states that "[n]o person surrendered by either of the high contracting parties to the other shall, without his consent, freely granted and publicly declared by him, be triable or tried or be punished for any crime or

offense committed prior to his extradition, other than that for which he was delivered up, until he shall have had the opportunity of returning to the country from which he was surrendered." The Court should hold a hearing to explore whether the government's continued use of the grand jury process to obtain evidence for the April 2014 trial is a violation of Fed. R. Crim. P. 6.

### Conclusion

WHEREFORE, for all of the above reasons, the defendant respectfully requests that this Court dismiss Count 16 of the Superseding Indictment, and enjoin the government's misuse of the grand jury in this matter.

Dated:  January 21, 2014                                Respectfully submitted,

                                                        /s/ Andrew Levchuk
                                                        Andrew Levchuk
                                                        BBO No. 545189
                                                        Counsel for Evripides Georgiadis
                                                        Bulkley, Richardson & Gelinas
                                                        1500 Main Street, 27th floor
                                                        Springfield, Massachusetts 01115
                                                        413-272-6285
                                                        alevchuk@bulkley.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2013, this document filed through the ECF system will be sent electronically upon all counsel of record.

Dated:  January 22, 2013                                /s/ Andrew Levchuk