United States District Court
District of Massachusetts

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. |
| v. | ) | 11-cr-30017-NMG |
| | ) | |
| JOHN CONDO et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

This case involves wire fraud, money laundering and associated conspiracy charges against four co-defendants, three of whom have now pled guilty. The remaining defendant, Evripides Georgiadis ("Georgiadis"), is charged with one count of conspiracy to commit wire fraud, 14 counts of specific instances of wire fraud and one count of conspiracy to commit money laundering. On March 7, 2014, the Court denied defendant Georgiadis's motion to dismiss for lack of venue, noting that

> [b]ecause the superseding indictment alleges criminal conduct in the Commonwealth of Massachusetts, venue in this district is appropriate....

The Court, however, did not address the issue as to the charge of conspiracy to commit money laundering because it noted that Georgiadis "does not press [that] issue." Now pending before the Court is Georgiadis's motion for reconsideration of its

-1-

denial of his motion to dismiss with respect to the charge of conspiracy to commit money laundering. Regardless of whether it is construed as a motion for reconsideration or as a motion to dismiss for lack of venue, the Court will deny the motion.

In essence, defendant's argument is that the only allegations purporting a connection to Massachusetts under the charge of conspiracy to commit money laundering do not involve an act of money laundering. The alleged acts at issue concern an email and phone calls about one of the projects described in the Superseding Indictment but, so claims Georgiadis, they are "trivial" and "innocent," not indicative of a conspiracy to commit money laundering. Accordingly, because he perceives no connection between the conduct related to the money laundering conspiracy and this district, defendant argues that proper venue is lacking.

The government responds that the United States Supreme Court has made clear that "venue is proper in any district in which an overt act in furtherance of the conspiracy was committed." Whitfield v. United States, 543 U.S. 209, 218 (2005). Moreover, the government asserts that the acts that defendant characterizes as "trivial" and "innocent" were actually done in furtherance of the criminal conspiracy, namely with the goal of "delaying the victims' and the government's

suspicions as to the unlawful activity." Accordingly, the government contends that venue is appropriate in this district.

The subject motion turns on defendant's characterization of the conduct at issue which the Court finds erroneous. Accordingly, the Court holds that the Superseding Indictment sufficiently alleges conduct occurring in the District of Massachusetts in furtherance of the conspiracy to commit money laundering. Venue is proper in this district with respect to Count 16.

## ORDER

For the foregoing reasons, the motion of defendant Evripides Georgiadis for reconsideration of the denial of his motion to dismiss based on improper venue as to Count 16 (Docket No. 199) is **DENIED**.

**So ordered.**

Dated April 7, 2014

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge