United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. |
| v. | ) | 11-cr-30017-NMG |
| EVRIPIDES GEORGIADIS, | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves wire fraud, money laundering and associated conspiracy charges against four co-defendants, three of whom have now pled guilty. The remaining defendant, Evripides Georgiadis ("Georgiadis"), is charged with one count of conspiracy to commit wire fraud, 14 counts of specific instances of wire fraud and one count of conspiracy to commit money laundering. Pending before the Court is Georgiadis's motion for production and in camera inspection of notes taken by government counsel and agents during interviews of government witnesses. For the reasons that follow, the Court will deny defendant's motion but part of the motion will be denied without prejudice.

**I. Analysis**

Defendant argues that the government has an obligation under the Jencks Act to provide to him any notes by government agents containing prior statements by any government witnesses, 18 U.S.C. § 3500, and an obligation under Brady v. Maryland to disclose any notes containing exculpatory evidence. 373 U.S. 83, 87 (1963). Because of those duties, defendant asserts that the Court should engage in an in camera review of all notes taken by government agents and counsel to ascertain whether any notes contain statements or other information the government is required to disclose.

The government does not dispute its legal obligations to disclose so-called Jencks Act material or Brady material but contends that it has already fulfilled its obligations and the defendant has not made a sufficient showing so as to require in camera review by the Court.

Here, there is no question that defendant has accurately described the applicable legal principles, namely that the government is required to produce (1) any statements by government witnesses, including any notes that any witness "adopted or approved" or that were a "substantially verbatim recital" of the witnesses statements, see United States v. Gonzalez-Melendez, 570 F.3d 1, 4 (1st Cir. 2009) (citing 18 U.S.C. § 3500(e)(1)), and (2) any documents that contain

exculpatory information, whether or not they contain "statements" of a witness. See Brady, 373 U.S. at 87.

At issue here, however, is whether the Court need undertake an in camera review of the notes of the government's agents in order to determine whether they include witness statements or exculpatory information.

**A.  Jencks Act Materials**

The First Circuit Court of Appeals has held that

> [w]here a defendant requests discovery of potential Jencks material, our precedent requires the district judge to conduct an independent investigation of any such materials and determine whether these materials are discoverable under the Jencks Act.

United States v. Landron-Class, 696 F.3d 62, 73 (1st Cir. 2012) (quoting Gonzalez-Melendez, 570 F.3d at 4).  A district court's decision on a claim under the Jencks Act is reviewed for abuse of discretion. Id.

While the First Circuit's requirement to conduct an in camera review is seemingly absolute, a closer inquiry reveals that a threshold showing by a defendant is required.  The First Circuit has affirmed a district court's denial of in camera review where a defendant's claim for Jencks material was not "much better than ... a shot in the dark." See United States v. Duval, 496 F.3d 64, 75 (1st Cir. 2007) ("Here, [defendants] have merely postulated a theory that additional records ... exist ...."). Indeed, at least one other district court in this

circuit has conducted an in camera review after finding a "colorable claim to Jencks Act material." United States v. Platte, 2007 WL 81919, at *2 (D.N.H. Jan. 9, 2007). Moreover, the Supreme Court has indicated that it approved the practice of undertaking an in camera review by district courts in "doubtful" cases. See Palermo v. United States, 360 U.S. 343, 354 (1959).

A requirement of a threshold showing before holding an in camera review for potential Jencks Act material would also comport with the conclusions of other courts. See, e.g. United States v. Moore, 651 F.3d 30, 75 (D.C. Cir. 2011) ("[A] defendant cannot compel a district court judge to sift through every record in the government's possession merely by speculating that somewhere in those records there might be Jencks Act statements. Rather, the defense must raise a 'colorable claim' that a specific document or set of documents contains Jencks statements.") (citing United States v. Price, 542 F.3d 617, 621 (8th Cir. 2008; United States v. Roseboro, 87 F.3d 642, 646 (4th Cir. 1996).

Moreover, it would seem an absurd result if the Court were to impose a lower threshold requirement for an in camera review of Brady material, required under the U.S. Constitution, than it does for in camera review of Jencks material, required only by statute. Compare Landron-Class, 696 F.3d at 73, with United States v. Caro-Muniz, 406 F.3d 22, 30 (1st Cir. 2005) (requiring

-4-

a "particularized and focused" request, not simply a "general" one, before conducting in camera review of documents for Brady materials).

The Court does not believe that the First Circuit intended to require a district court to conduct an in camera review based solely on an unsupported claim by a defendant. Accordingly, the Court will require a "colorable claim" from defendant that the documents at issue contain witness statements under the Jencks Act before conducting an in camera review.

Here, defendant does not meet that burden. As an initial matter, the government has already produced interview reports for the majority of its potential witnesses and produced the notes themselves in any instance where a formal interview report was not written. In light of those disclosures, defendant's motion simply states that government agents took notes during interviews it conducted with potential witnesses and that the Court should inspect those notes. Nowhere in defendant's motion is any allegation that the government has done anything but strictly observe its disclosure obligations. Indeed, the Court cannot address defendant's factual contentions with respect to the content of the notes because the motion contains none.

Moreover, inferring more argumentation than defendant makes explicit, the Court rejects the insinuation that simply because the government has produced some of the notes taken at witness

interviews, it must produce all of the notes taken at any witness interview.  Therefore, the Court finds that defendant has not made the threshold showing that would require in camera review of the notes of government agents taken during witness interviews.

Of course, the Court does not simply rely on "assurances by the prosecution" that the subject materials do not include witness statements. See United States v. Foley, 871 F.2d 235, 239 (1st Cir. 1989) (citing United States v. Strahl, 590 F.2d 10, 14-15 (1st Cir. 1979)).  Rather, the Court's conclusion rests on the fact that defendant has made no allegation whatsoever that the notes taken by government agents contain any Jencks Act material.

Finally, the Court acknowledges that while the government typically discloses Jencks Act material before trial, the law requires such material only after a government witness has testified on direct examination. See Platte, 2007 WL 81919, at *1 (citing 18 U.S.C. § 3500(b)).  Pretrial disclosure is a courtesy undertaken to avoid a mid-trial continuance. Id.  Here, because the subject dispute has occurred before the government actually has an obligation to disclose such materials, the

Court's order will be without prejudice to a renewed motion by defendant after the direct testimony of any government witness.[1]

**B. Brady Material**

With respect to the defendant's effort to secure in camera review and an evidentiary hearing with respect to the presence of undisclosed exculpatory information, the Court notes that a "general request" from the defendant does not raise a requirement of judicial review but is submitted to the government to "decide[] which information must be disclosed." Caro-Muniz, 406 F.3d at 30 (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987)). A district judge may conduct an in camera review of documents or materials if the defendant presents "a theory regarding the existence of potentially exculpatory evidence" that is "particularized and focused." Id. Absent such a request, however, the Court will not engage in an unfocused "fishing expedition." Id.

Here, defendant's motion does not refer to any specific document or witness. Indeed, at its most specific, the request simply mentions "government witnesses." Accordingly, defendant's request for in camera inspection of documents

---

[1] Although the government also argues that defense counsel has not complied with its obligation under Local Rule 116.3(e) to confer with opposing counsel before filing any discovery-related motion, the Court need not reach that issue in light of its conclusion.

potentially containing exculpatory evidence falls squarely within the rubric of a "general request" and will be denied.

## ORDER

For the foregoing reasons, the motion of defendant Evripides Georgiadis for production and inspection of notes taken by government counsel and agents during interviews of government witnesses (Docket No. 203) is, with respect to statements of government witnesses subject to the Jencks Act, **DENIED without prejudice**, but is, with respect to the production of potentially exculpatory evidence pursuant to Brady v. Maryland, **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton\
Nathaniel M. Gorton\
United States District Judge

Dated April 8, 2014