UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| EVRIPIDES GEORGIADIS, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 11-CR-30017-NMG-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |
| | ) | |

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO COMPEL
(Dkt. No. 511)

Robertson, U.S.M.J.

I. BACKGROUND

Petitioner Evripides Georgiadis ("Petitioner"), along with three other individuals, was charged by indictment with fourteen counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. In a superseding indictment, Petitioner was charged with a sixteenth count of conspiracy to commit money laundering. Petitioner, a Greek national, was arrested at a border crossing in Croatia. The United States requested his extradition for trial on the charges in the superseding indictment and in December 2012, the Croatian Minister of Justice authorized his extradition. Petitioner's trial began on April 22, 2014. At the close of the government's case, it dismissed three of the wire fraud charges. On May 14, 2014, the jury convicted the defendant on the remaining thirteen counts. The District Court sentenced Petitioner to 102 months of imprisonment. On appeal, Petitioner's convictions and his sentence were affirmed in all respects. *See United States v. Georgiadis*, 819 F.3d 4, 7-8 (1st Cir. 2016).

Petitioner has now filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In connection with his § 2255 petition, Petitioner sent a letter to an Assistant United States Attorney who prosecuted his case requesting a lengthy list of documents. The court has treated this letter as a motion to compel the government to produce discovery and referred the motion to the undersigned for decision (Dkt. Nos. 511, 513). For the reasons set forth below, the court DENIES Petitioner's motion to compel discovery.

II. LEGAL STANDARD

> 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

*Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Rather, the petitioner must show 'good cause' for discovery, meaning that he must present 'specific allegations' that give the court a 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *United States v. Castillo*, Cr. No. 08-10122-MLW, 2018 WL 1542146, at *4 (D. Mass. Mar. 29, 2018) (quoting *Bracey*, 520 U.S. at 908-09); *see also* Rule 6(a) of the Rules Governing Section 2255 Proceedings (a party requesting discovery in connection with a § 2255 petition "must provide reasons for the request"). "Generalized statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite 'good cause.'" *Velazquez-Rivera v. United States*, 54 F. Supp. 3d 168, 170 (D.P.R. 2014) (citing *Pizzuti v. United States*, 809 F. Supp. 2d 164, 175-76 (S.D.N.Y. 2011)). Rather, a petitioner bears the burden of showing

2

that the requested information is material, meaning that there is a reasonable possibility that, had the information been disclosed, the result of the trial would have been different. *Id.* (quoting *Murray v. United States*, 704 F.3d 23, 30 (1st Cir. 2013) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012) (quoting *Cone v. Bell*, 556 U.S. 449, 470 (2009))). The scope and extent of any such discovery is committed to the discretion of the District Court. *Castillo*, 2018 WL 1542146, at *4 (citing *Bracey*, 520 U.S. at 909; Rule 6(a) of the Rules Governing Section 2255 Proceedings). Because Petitioner is self-represented, he is entitled to a certain amount of leeway in the interpretation of his documents. *See, e.g., Castillo*, 2018 WL 1542146, at *3. Nonetheless, "[t]he 'right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'" *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985) (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)), *cert. denied*, 476 U.S. 1172 (1986); *see also Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994).

  III. D<small>ISCUSSION</small>

  In Petitioner's letter to the government seeking production of documents, he has not set forth any cause for his requests or explained how the documents are material in his case. The court reviewed Petitioner's Memorandum of Law in Support of Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 510) as well as the government's opposition thereto (Dkt. No. 519) to place Petitioner's document requests in context, and, to the extent possible given difficulties in interpretation, has grouped the requests by category based on the list, the content of Petitioner's memorandum in support of his § 2255 petition, and the government's opposition.

  A. <u>Documents Related to Allegedly Unlawful Extradition</u>

It is obvious that a majority of the documents Petitioner requests are related to an attempt to argue that he was not lawfully extradited to stand trial in this country on the ground that there was no valid extradition treaty between the United States and Croatia. Petitioner argues that, in the absence of a valid treaty, the District Court lacked jurisdiction to try him. In the court's judgment, Petitioner's requests at items numbered 1-3, 6-8, 10-38, 42-44, and 57-64 are related to this contention.

For several reasons, the court denies Petitioner's motion to compel the government to produce documents related to his extradition arguments. First, Petitioner raised his contentions or variations of his contentions about illegal extradition on appeal and they were rejected by the United States Court of Appeals for the First Circuit. *See Georgiadis*, 819 F.3d at 9-10 ("'[i]f [Petitioner] falls within the treaty's scope, his apprehension and return were entirely proper. If he falls without the treaty's scope, the *Ker* rule makes his jurisdictional claim groundless.'") (quoting *Autry v. Wiley*, 440 F.2d 799, 801 (1st Cir. 1971)). To the extent Petitioner seeks documents to support claims he raised and lost in his direct appeal, he is barred from relitigating those claims in his § 2255 petition. *See United States v. Burdulis*, 209 F. Supp. 3d 415, 426 (D. Mass. 2016) (quoting *United States v. Doyon*, 16 Fed. Appx. 6, 9 (1st Cir. 2001)), and is not entitled to compel production of supporting documents. To the extent Petitioner now seeks to vary the arguments he previously raised in support of a claim of unlawful extradition, he is required to show cause for the failure to raise these issues in his direct appeal and actual prejudice. *See id.* Petitioner's rote invocation of ineffective assistance of counsel is unpersuasive. He ignores the breadth and basis of the First Circuit's ruling on his extradition argument on direct appeal. Based on the record before it, the First Circuit concluded that Croatia had authorized Petitioner's extradition for the offenses with which he was charged. *Georgiadis*,

4

819 F.3d at 9 ("[T]he decision of the Croatian Ministry of Justice . . . clearly authorized [Petitioner's] extradition on all counts charged in the indictment."). The First Circuit further held that as long as Croatia intended him to stand trial for the offenses for which he was tried – and it plainly did – his challenges to the bases for his extradition failed as a matter of law. *Id.* at 9-10 (citing *Ker v. Illinois*, 119 U.S. 436 (1886); *Autry*, 440 F.2d at 801). This was so because even if the terms of the treaty or treaties on which the United States and Croatia relied in extraditing Petitioner did not authorize his extradition, nonetheless "'neither the method by which an accused is brought before a criminal court, nor the legality of his forcible seizure or arrest . . . nor his subsequent forcible and illegal transportation and confinement are material to the question of the jurisdiction of a criminal court before whom he is present.'" *Id.* at 10 (quoting *Autry*, 440 F.2d at 801). In view of the First Circuit's rulings, Petitioner has not shown that there is a reasonable possibility that any of the documents related to extradition whose production he seeks to compel would have changed the outcome of his case or justify relief under § 2255.

Second, Petitioner does not grasp the limits on the government's discovery obligations. "The government's obligations under *Brady* only extend to information in its possession, custody, or control." *United States v. Hall*, 434 F.3d 42, 55 (1st Cir. 2006) (citing *United States v. Josleyn*, 206 F.3d 144, 153-54 (1st Cir. 2000)). "While a prosecutor must disclose information maintained by government agents even if the prosecutor herself does not possess the information . . . this duty does not extend to information possessed by government agents not working with the prosecution." *Id.* (citing *Strickler v. Greene*, 527 U.S. 263, 280 (1999); *United States v. Bender*, 304 F.3d 161, 164 (1st Cir. 2002)). Some of Petitioner's document requests related to extradition seek documents that are not records of the United States and, therefore, would not

5

likely be in the government's possession, custody, or control. *See, e.g.,* items numbered 32-34; 40-41, 45 in Docket Entry 511. Some requests seek documents that may be in the possession of the United States government, but likely are not in the possession of the team that prosecuted this case or of government agents that worked with the prosecution. *See, e.g.,* items numbered 10-16, 18-21, 24-31 in Docket Entry 511.

In short, Petitioner's requests for information related to his renewed challenge to his extradition go far beyond what the government was, or is, required to produce and Petitioner has not established the materiality of these documents. For these reasons, the court denies Petitioner's motion to compel production of the documents referred to in items numbered 1-3, 6-8, 10-38, 42-44, and 57-64 in Docket Entry 511.

B. Documents Related to Character

Many of Petitioner's remaining requests appear related to a claim that the government was obligated to turn over documents substantiating that Petitioner was "the C.E.O. and the Executive Chairman of the Board of Directors of a multinational and multi-activity Conglomeration based in Athens, Greece, and a member of the operations of one of the most wealthy families in Greece" (Dkt. No. 510 at 18). He claims that had these materials been produced so that he could have presented them in court, "the result of the proceeding would have been different because they would have painted a better picture of Petitioner before the jury" (*id.*). Petitioner has not shown reason to believe that the prosecution or anyone associated with the prosecution team had in its possession documents listed in, for example, items 9, 40, 41, 45, 46, 65, 66, 79, or 80 in Docket Entry 511, nor has Petitioner shown that the government had an obligation to obtain such documents. Accordingly, the government had no obligation to produce

6

these documents at the time of trial and Petitioner has not shown a basis to compel the government to obtain and produce them at this time. *See Hall*, 434 F.3d at 55.

Moreover, as the government argues, Petitioner has failed to show that the documents in items 5, 9, 40, 41, 45, 46, 67, 79, and 80 were admissible at trial or, if admissible, would have been reasonably likely to change the trial's outcome. Pursuant to Fed. R. Evid. 404(a)(2), which addresses the admissibility of evidence of a defendant's character in a criminal case, "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." The District Court likely would have concluded that general evidence about Petitioner's business associations and importance in society was not evidence of a pertinent trait admissible under Rule 404(a)(2). *Cf. United States v. Navarro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (anecdotal evidence of awards and commendations as evidence of bravery and attention to duty was not admissible as character evidence pertinent to the charges against the defendant; moreover, the evidence was hearsay and inadmissible for that reason as well). Further, the government represents that Petitioner presented four character witnesses at trial and argued that any money he had obtained through his participation in the events alleged in the indictment went to worthy causes (Dkt. No. 519 at 6). Thus, even assuming that additional reputational documents were admissible (a questionable assumption), they could have been excludable as cumulative in the discretion of the presiding judge. *Id.* Finally, any challenge to Petitioner's conviction based on the exclusion of reputational evidence would be considered under the catchall fourth category authorizing relief under § 2255. "'The catchall fourth category includes only assignments of error that reveal "fundamental defect[s]" which, if uncorrected, will "result[] in a complete miscarriage of justice," or irregularities that are "'inconsistent with the rudimentary demands of fair procedure.'"" *Burdulis*, 209 F. Supp. 3d at

420 (quoting *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (quoting *Hill*, 368 U.S. at 428)). Where the court permitted Petitioner to introduce a substantial amount of character evidence at trial, it is difficult to see that Petitioner has identified a reason for relief under the catchall category of § 2255 based on his failure to present additional character evidence at trial.

Because Petitioner has not established that documents related to his reputation were *Brady* material that had to be produced by the prosecution or included information that might have made a difference in the outcome of his trial, the court denies Petitioner's motion to compel production of the items numbered 5, 9, 40-41, 45, 46, 67, and 79-80 in Docket Entry 511.

C. Documents Not Introduced at Trial

Finally, Petitioner has listed some ill-defined and confusing categories of documents that do not appear related to any of the arguments in his memorandum in support of his § 2255 petition. Petitioner has not otherwise shown good cause for requiring the government to produce such documents. *See, e.g., Castillo*, 2018 WL 1542146, at *4. These include the documents that Petitioner has attempted to describe in items 4, 39, 47-56, 65-66, and 68-78.[1]

IV. CONCLUSION

"A habeas proceeding is not a 'fishing expedition,' rather, the petitioner must provide the Court with a reason to believe that the discovery he requests will demonstrate that he is entitled to relief." *United States v. Gianelli*, Criminal Action No. 05-10003-NMG-1, 2015 WL 4305688,

---

[1] Petitioner also complains that he never received transcripts of his arraignment or bond hearing (Dkt. No. 511 at 15, item number 81). According to the docket, no transcripts of these proceedings have been prepared. "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Petitioner has not explained why a transcript of his arraignment or bond hearing is needed to decide any issue raised in his § 2255 petition and the trial judge has not certified that such transcripts are needed. To the extent item 81 of Docket Entry 511 should be treated as a separate request, it is DENIED.

at *5 (D. Mass. July 15, 2015). Petitioner has provided the court with no such reason here. For the reasons set forth above, Petitioner's motion to compel is DENIED in its entirety.

It is so ordered.

Dated: April 30, 2018 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE