**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| ———————————— ) | |
| UNITED STATES OF AMERICA, ) | |
|                             ) | |
|           Plaintiff,        ) | |
|                             ) | Criminal Action No. |
|           v.                ) | 11-cr-30017-NMG |
|                             ) | |
| EVRIPIDES GEORGIADIS,        ) | |
|                             ) | |
|           Defendant.        ) | |
|                             ) | |
| ———————————— ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In this case, Mr. Evripides Georgiadis ("Georgiadis" or "petitioner") challenges the constitutionality of his 2017 conviction in this Court. Pending before the Court is petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255.

**I.   Background**

In June, 2011, petitioner, along with three co-defendants, was charged with one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371, and 14 counts of Wire Fraud, in violation of 18 U.S.C. § 1343. In September, 2011, a superseding indictment charged Georgiadis and the same co-

defendants with an additional count of Conspiracy to Commit
Money Laundering, in violation of 18 U.S.C. § 1956(h).

In May, 2012, Georgiadis was arrested at a border crossing
in Croatia.  In June, 2012, he was extradited to this country
and, after extensive pre-trial proceedings, a 15-day jury trial
ended in May, 2014, by the return of a guilty verdict on one
count of Conspiracy to Commit Wire Fraud, 11 counts of Wire
Fraud and one count of Conspiracy to Commit Money Laundering.
On September 9, 2014, petitioner was sentenced to 102 months of
imprisonment and ordered to pay more than Eight Million Dollars
in restitution.

Georgiadis appealed to the United States Court of Appeals
for the First Circuit arguing that his conviction should be
overturned because of: 1) improper venue, 2) erroneous admission
of certain electronic evidence, 3) an unaccepted Batson
challenge, 4) late disclosure of certain impeachment materials,
5) an improper jury instruction on reasonable doubt, 6) his
illegal extradition and 7) his unreasonable sentence.  In April,
2016, the First Circuit affirmed Georgiadis' conviction and
sentence. United States v. Georgiadis, 819 F.3d 4 (1st Cir.
2016).  Subsequently, the United States Supreme Court denied
Georgiadis' petition for certiorari. United States v.
Georgiadis, 137 S.Ct. 190 (2016).

## II.  __Discussion__

### A.   __Legal Standard__

Section 2255 enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  The petitioner bears the burden of establishing the need for relief in each of those circumstances. David, 134 F.3d at 474.  To be entitled to relief under § 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident." Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

A § 2255 petition is procedurally defaulted and unreviewable on collateral attack when the petitioner has not presented the claim on direct appeal, lacks cause for failing to do so and suffered no "actual prejudice resulting from the error." Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Likewise, petitioners may not relitigate issues that have

previously been raised on direct appeal. <u>Argencourt</u> v. <u>United States</u>, 78 F.3d 14, 16 n. 1 (1st Cir. 1996). Prevailing on a claim of ineffective assistance of counsel under the Sixth Amendment to the United States Constitution is sufficient to excuse a procedural default. <u>Prou</u> v. <u>United States</u>, 199 F.3d 37, 47 (1st Cir. 1999).

Ineffective assistance of counsel requires a petitioner to demonstrate that 1) his representation by counsel fell below an objective standard of professionalism and 2) he was prejudiced by his counsel's substandard conduct. <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 687-88, 694 (1984). The <u>Strickland</u> test is formidable:

> [J]udicial scrutiny of counsel's performance must be highly deferential [and] counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

<u>Id.</u> at 689-90; <u>see also Knight</u> v. <u>Spencer</u>, 447 F.3d 6, 15 (1st Cir. 2006) (noting that petitioner must show that his "counsel's choice was so patently unreasonable that no competent attorney would have made it") (internal citation omitted).

<u>Pro se</u> pleadings are held to "less demanding standards than those drafted by lawyers" and are read liberally on a motion to dismiss. <u>Boivin</u> v. <u>Black</u>, 225 F.3d 36, 43 (1st Cir. 2000). Even <u>pro se</u> litigants are, however, bound by the Federal Rules of

Civil Procedure. <u>Janosky</u> v. <u>Mass. P'Ship for Corr. Healthcare</u>, No. 15-cv-12929, 2017 WL 1164490, at *1 (D. Mass. Mar. 28, 2017) (dismissing plaintiff's complaint for failing to set forth any clear causes of action).

**B. Application**

Georgiadis, in his initial § 2255 petition, argued that his counsel provided ineffective assistance by failing to argue that: 1) this Court lacks subject matter and personal jurisdiction, 2) his extradition was unlawful, 3) the government failed to produce <u>Brady</u> material, 4) his speedy trial rights were violated, 5) his charges were duplicative and multiplicitous and 6) he was entitled to a translator. Georgiadis then filed an overlong memorandum in support of his petition in which he provided additional argument in support of each ground but failed to address further the alleged ineffectiveness of his counsel.

In its opposition, the government contends that this failure is fatal to Georgiadis' petition, arguing that each ground set forth in his memorandum is a separate claim distinct from any alleged ineffective assistance of counsel.  The government submits that each of Georgiadis' claims is, therefore, procedurally defaulted because it was either 1)

raised and rejected at trial or on appeal or 2) was not raised
and is procedurally defaulted.

Preliminarily, the record shows that several of Georgiadis'
claims were raised and rejected either at trial or on direct
appeal.  Specifically, counsel raised the issues of
jurisdiction, venue and the lawfulness of petitioner's
extradition both at trial and on appeal. Georgiadis, 819 F.3d at
9-12.  Furthermore, the question of whether petitioner should
have been provided a simultaneous court interpreter was
thoroughly vetted at pre-trial proceedings and petitioner
himself requested a stand-by rather than a simultaneous
interpreter.  Georgiadis may not re-litigate these claims on
collateral review. See Argencourt v. United States, 78 F.3d 14,
16 n. 1 (1st Cir. 1996).

Petitioner's remaining claims, i.e., 1) the failure to
proffer Brady material, 2) violation of speedy trial rights and
3) unlawful multiplicity of offenses, are procedurally defaulted
because Georgiadis failed to raise each at trial or on direct
appeal.  Georgiadis must, therefore, demonstrate cause and
prejudice as an excuse for his procedural default. See United
States v. Frady, 456 U.S. 152, 169-70 (1982).

Georgiadis does not, however, argue cause and prejudice. In Ground I of his initial § 2255 petition, he insinuates into each argument terms of ineffective assistance of counsel. Construing his pro se filings liberally, the Court will assume that by doing so Georgiadis intended to argue that the procedural default of each of his claims should be excused for ineffective assistance of counsel. See Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999) (explaining that ineffective assistance of counsel establishes "cause and prejudice" excusing a procedural default).

The Court will therefore contemplate whether Georgiadis' counsel was ineffective for failing to raise any of the three remaining claims at trial or on direct appeal such that a procedural default should be excused.

### 1.  **Brady** Material

Petitioner claims that the government failed to provide exculpatory evidence at trial, contravening Brady v. Maryland 373 U.S. 83 (1963), and that his attorney failed to raise that lapse in his defense or on appeal.  Petitioner asserts that the government failed to provide: 1) a 1901-02 treaty between the United States and the Kingdom of Serbia, 2) the extradition

request and 3) various documents that would have shown that petitioner had a good reputation as a businessman in Greece.

In Brady, the Supreme Court held that the government's suppression of evidence favorable to the accused violates due process "where the evidence is material to guilt or punishment." Conley v. United States, 415 F.3d 183, 188 (1st Cir. 2005). Whether information is "material" is determined by considering whether, in its absence, the defendant received "a fair trial, understood as a trial resulting in a verdict worthy of confidence." Strickler v. Greene, 527 U.S. 263, 290 (1999).

To the extent the identified documents relate to a treaty and the extradition request, they are immaterial.  Such documents would serve only to support the erroneous conclusion that Georgiadis' extradition was invalid, an issue raised and rejected at trial and on appeal. Georgiadis, 819 F.3d at 9-10.

Documents that relate to Georgiadis' good reputation as a businessman are similarly irrelevant.  None of the additional information identified diminishes the effect of the evidence presented at trial with respect to the wire fraud conducted through Georgiadis' association with a "fictional private equity fund." See Georgiadis, 819 F.3d at 7.  To the extent that Georgiadis contends that such additional information could have

been admitted as character evidence, the contention is without merit.  Ample character evidence was provided by the four witnesses who testified to petitioner's good character and reputation as a good businessman.  Furthermore, much of the proffered testimony would likely have been excluded pursuant to Federal Rule of Evidence 608(b) which precludes the introduction of specific instances of a witness' good conduct.

Counsel's failure to object to the withholding of immaterial documents was objectively reasonable.  Having concluded that counsel's conduct was reasonable, the Court need not proceed to the second prong of <u>Strickland</u>.

### 2.   **Speedy Trial Rights**

Petitioner alleges that his attorney failed to object to the government's motions for excludable delay pursuant to the Speedy Trial Act. 18 U.S.C. § 3161.

The total delay between petitioner's arraignment and trial was 14 months.  During that time, the Court entered several orders excluding the delay pursuant to the Speedy Trial Act. <u>See</u> § 3161(h).  Each delay, and subsequent exclusion, was issued to allow Georgiadis' counsel sufficient time to review voluminous discovery and to prepare an effective defense against charges involving 20 victims, millions of dollars, multiple countries

and thousands of documents. See § 3161(h)(7)(B)(ii) (providing that the court may consider a variety of factors in excluding time, including complexity, novelty and the need for adequate preparation).

It was objectively reasonable for defense counsel to fail to object to the motions for excludable delay because the delays and exclusions were for Georgiadis' benefit.  Accordingly, counsel was not ineffective.

### 3.   Multiplicity of Offenses

Georgiadis argues that his attorney was ineffective for failing to raise the argument that the indictment was multiplicitous because it allegedly charged the same act as multiple crimes.

An indictment is multiplicitous when it charges an individual more than once "for what is essentially a single crime." United States v. Chiaradio, 684 F.3d 265, 272 (1st Cir. 2012). When a defendant claims multiplicity, a court must determine whether it should "treat each count as separate." United States v. Stefanidakis, 678 F.3d 96, 100-01 (1st Cir. 2012).  Such a determination "depends on whether Congress intended to punish separately each of the alleged violations." Id.

No reasonable attorney would have argued that the indictment was multiplicitous, however, because each charged count corresponded with a separate and distinct fraudulent wire transfer. See Guerro-Clavijo v. United States, 242 F. Supp. 3d 57, 62-63 (D. Mass. 2017) (explaining an indictment is neither multiplicitous nor duplicitous when it charges multiple financial transactions separately).  Accordingly, counsel's failure to raise the multiplicity argument was reasonable and does not constitute ineffective assistance.

### C.   Evidentiary Hearing

A petitioner who files a § 2255 motion "is not entitled to an evidentiary hearing as a matter of right." David v. United States, 134 F.3d 470, 477 (1st Cir. 1998).  There is a "fairly heavy burden" of proving that an evidentiary hearing is merited. See United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993).  In order to satisfy that burden, a habeas petitioner generally must provide evidence admissible under the Federal Rules of Evidence. Garuti v. Roden, 733 F.3d 18, 25 (1st Cir. 2013).  The Court may dismiss a petition without a hearing if it is contradicted by the record, inherently incredible or if the petitioner has failed to provide "specific and detailed supporting facts." United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984).  Furthermore,

no [evidentiary] hearing is required where the district
judge is thoroughly familiar with the case as, for example,
when he presides at both a change of plea hearing and
sentencing.

Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988).

An evidentiary hearing is unnecessary in this case because
1) the Court presided over the petitioner's jury trial and
sentencing and is thoroughly familiar with the case, 2) the
petition is contradicted by the record and 3) the petition is
wholly incredible. See Ouellette, 862 F.2d at 377.  The Court
concludes that the record provides a sufficient basis for
resolving the matter without an evidentiary hearing.

### ORDER

For the foregoing reasons, the motion of petitioner
to vacate his sentence pursuant to 28 U.S.C. § 2255,
(Docket No. 497), is **DENIED**, and the writ of habeas corpus is
**DISMISSED**.


**So ordered.**

                                   /s/ Nathaniel M. Gorton
                                   Nathaniel M. Gorton
                                   United States District Judge


Dated December 2, 2019